**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. AUSTIN, | No. C 07-5620 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| RICHARD SUBIA, warden, | |
| Respondent. | |

## INTRODUCTION

Andrew S. Austin, currently incarcerated at Mule Creek State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, Austin was convicted in Santa Clara County Superior Court of aggravated sexual assault of a child under age 14, continuous sexual abuse of a child under 14, and lewd and lascivious acts on a child. On August 19, 2005, he was sentenced to 27 years to life in prison.

Austin appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied the petition for review in 2006. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges four claims: First, Austin claims his right to due process was violated when the prosecutor engaged in misconduct by asking a prejudicial question of a witness. Second, he claims that his attorney provided ineffective assistance by failing to ask for a mistrial when the jury was exposed to the improper question mentioned in the first claim. Third, August claims that his Sixth Amendment confrontation rights were violated when the court refused to allow defense counsel to question the victim as to whether her friend had ever touched her to demonstrate a source for her sexual knowledge. See Petition, p. 43. Fourth, he claims that the evidence was insufficient to establish the element of force or duress for the aggravated sexual assault of a child count, which is liberally construed to be a due process claim. The claims are cognizable in federal habeas and warrant a response from respondent.

Petitioner is cautioned that a federal court has jurisdiction to issue the writ to remedy violations of the laws, treaties, or Constitution of the United States, see 28 U.S.C. § 2254(a), but not to remedy violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Although petitioner's fourth claim requires discussion of state law because it concerns the proof of elements of a state-defined crime, the first three claims have excessive devotion to state court cases. The discussion of state law has led to an unnecessarily long 55-page brief. In his traverse, petitioner should strive to focus his discussion on the federal constitutional

claims rather than state law. Petitioner's traverse may not exceed 25 pages in length.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **May 23, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 27, 2008**. His traverse may not exceed 25 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: March 11, 2008

Marilyn Hall Patel
United States District Judge

3